UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERIES TALAMAS, on behalf of himself and all others similarly situated,<br><br>      Plaintiff(s),<br><br>    -against-<br><br>CADDIS FUNDING, LLC,<br><br>      Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, JERIES TALAMAS, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, CADDIS FUNDING, LLC ("CADDIS FUNDING"), and John Does 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Bronx County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CADDIS FUNDING, LLC maintains a location at 511 Rhett Street, Suite 1A, Greenville, South Carolina.

8. Upon information and belief, CADDIS FUNDING uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. CADDIS FUNDING is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York consumers residing in New York County and their successors in interest (the "Class"), who were

subject to collection attempts which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who CADDIS FUNDING attempted to collect a debt from after receiving a communication from or on behalf of those consumers, which invoked the protections of 15 U.S.C. § 1692c(c) and/or 15 U.S.C. § 1692c(a)(2).
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form of conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without

remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to February 10, 2021, Plaintiff allegedly incurred a financial obligation to CHASE MANHATTAN BANK ("CHASE").

16. The CHASE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The CHASE obligation did not arise out of a business transaction.

18. The CHASE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. CHASE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to February 10, 2021, the CHASE obligation was reduced to a judgment against Plaintiff.

21. Sometime prior to February 10, 2021, CADDIS FUNDING, either directly or through intermediate transactions assigned, placed, or transferred the CHASE obligation to SYNERGETIC COMMUNICATION, INC. ("SYNERGETIC") for the purpose of collection.

22. At the time CHASE placed, or transferred the CHASE obligation to CADDIS FUNDING, the obligation was past due.

23. At the time CHASE placed, or transferred the CHASE obligation to CADDIS FUNDING, the obligation was in default.

24. SYNERGETIC caused to be delivered to Plaintiff a letter dated February 10, 2021, concerning the alleged CHASE obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

25. The February 10, 2021 letter was sent to Plaintiff in connection with the collection of the CHASE obligation.

26. The February 10, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the February 10, 2021 letter.

28. On March 10, 2021, Plaintiff, through his undersigned attorney, sent a letter to CADDIS FUNDING advising CADDIS FUNDING in part that the undersigned attorney represented the Plaintiff and further advising CADDIS FUNDING that it should "immediately Cease and Desist all collection efforts and communications". A copy of said letter is annexed hereto as **Exhibit B**.

29. CADDIS FUNDING received the March 10, 2021 letter sent on behalf of the Plaintiff.

30. Instead of ceasing and desisting any further contact regarding the CHASE obligation, Defendant placed the CHASE obligation with the LAW OFFICES OF STEVEN COHEN, LLC ("COHEN LAW") for the purpose of collecting the CHASE obligation from Plaintiff.

31. Despite the fact that CADDIS FUNDING knew that the PLAINITFF was represented by an attorney, CADDIS FUNDING instructed COHEN LAW to communicate directly with Plaintiff.

32. Despite the fact that CADDIS FUNDING knew that the PLAINITFF invoked his right to have Defendant cease and desist further collection efforts, CADDIS FUNDING instructed COHEN LAW to attempt to collect the CHASE obligation directly from Plaintiff.

33. COHEN LAW, at the request and instruction of the Defendant, sent a letter directly to the Plaintiff dated October 21, 2021 in an attempt to collect the CHASE obligation,

34. CADDIS FUNDING knew or should have known that its actions violated the FDCPA.

35. CADDIS FUNDING could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

36. It is Defendants' policy and practice to violate the FDCPA, by *inter alia*:

    (a) Communicating directly with a represented consumer after being notified of the representation;

    (b) Failing to cease and desist collection efforts after receiving written notification requesting that Defendant cease further communication with the consumer; and

    (c) Engaging in conduct, the natural consequence of which was to harass or abuse a consumer in connection with the collection of a debt.

37. On information and belief, there are at least 40 natural persons in the state of New York with one year of this Complaint who were subject to the conduct complained of herein.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

38. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

39. Collection letters and/or notices, such as those sent by CADDIS FUNDING, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

40. As described herein, Defendant violated 15 U.S.C. §1692(c)(a)(2).

41. As described herein, Defendant violated 15 U.S.C. §1692(c)(c).

42. As described herein, Defendant violated 15 U.S.C. §1692(d).

43. As described herein, Defendant violated 15 U.S.C. §1692e(10).

44. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

45. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

46. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

47. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

48. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

49. Plaintiff has suffered damages and other harm as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 11, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Plaza
60 East 42nd. Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

**SYNCOM**

**Synergetic Communication, Inc.**
5450 N.W. Central #220
Houston TX 77092-2016
www.syncomcorp.net

Hours of Operation
Monday – Thursday 8am-8pm
Friday 8am-5pm
Saturday 8am-12pm
All Times Central

PHONE: 866-793-5401
FAX: 713-590-2746

February 10, 2021

| | |
|---|---|
| Current Creditor: | Caddis Funding LLC |
| Account Number: | XXXXXXXX5730 |
| Our Account #: | |
| Original Creditor: | Chase Manhattan Bank |
| Judgement Date: | 01-19-07 |

Our client, Caddis Funding LLC, has placed this judgement account with our office for collection in the amount of $22,411.74.

The above-stated Client has agreed to offer you the following discount to resolve your account:

| | |
|---|---|
| Balance Due: | $22,411.74 |
| Discounted Payment Offer: | $11,205.87 |
| Payment must be received by: | 03/27/21 |

Upon receipt and clearance of the discounted payment amount we will notify our client that the account has been resolved for less than the full balance. We are not obligated to renew this offer.

This settlement may have tax consequences. Please consult a tax advisor if you have any questions.

To make a payment online, please visit us at www.syncomcorp.net and click on "Make a Payment".
Log in using Account ID: INV and Account #:

As of the date of this letter, you owe $22,411.74. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 866-793-5401.

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Sincerely,

Ken Walsh, Director Of Operations

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

The New York City Department of Consumer Affairs requires us to ask you for your language preference for reporting purposes. At this time, Synergetic Communication, Inc. offers language access or translation services for the following languages: Spanish, including English. We only offer these services orally, not written.
Translations and descriptions of commonly-used debt collection terms are available in multiple languages at www.nyc.gov/dca.
Please provide us with your preferred language when speaking with an agent.

New York City Department of Consumer Affairs License Number 1192031
THIS COLLECTION AGENCY IS LICENSED BY THE CITY OF BUFFALO

We are required by regulation of the New York State Department of Financial Services to notify you of the following information.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: (1) supplemental security income; (SSI); (2) social security; (3) public assistance (welfare); (4) spousal support, maintenance (alimony) or child support; (5) unemployment benefits; (6) disability benefits; (7) workers' compensation benefits; (8) public or private pensions; (9) veterans' benefits; (10) federal student loans, federal student grants, and federal work study funds; and (11) ninety percent of your wages or salary earned in the last sixty days.

New York State Department of Financial Services Regulations provides that you may dispute the debt and request substantiation at any time. To request substantiation of the debt, please write to our office, located at 8596 Wayne Drive, Suite A5, Hayden, ID 83835. Please include your name, address, the name of the creditor and the account number listed on this letter.

See reverse side for additional information.            24CU0097700FSL-BD
In order to update your account properly, please return bottom portion with your payment or any written communication or dispute.

---

PHONE:        866-793-5401

8596 Wayne Drive, Suite A5
Hayden, ID 83835-5068

CHANGE SERVICE REQUESTED

Our Account #:
Balance Due:        $22,411.74
Discounted Payment
Offer:              $11,205.87
Payment must be received by: 03/27/21

Synergetic Communication, Inc.
8596 Wayne Drive, Suite A5
Hayden ID 83835-5068

942119010

Jeries Talamas

Please make check, cashier's check or money order payable to: Synergetic Communication, Inc.

# Exhibit B

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

*Reply to:  New Jersey*

**Jones, Wolf & Kapasi LLC**
ATTORNEYS AT LAW

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottlieb, Esq.

††Admitted NY, NJ, CT
†Admitted NY, NJ

www.legaljones.com

March 10, 2021

Caddis Funding, LLC
511 Rhett Street, Suite 1A
Greenville, South Carolina 29601

        Re:    Jeries Talamas
              Account No.: xxxxxxxxxxxx5730

To Whom It May Concern:

    This firm represents the interest of Jeries Talamas, relative to the above-referenced matter.

    Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Jeries Talamas. Furthermore, Jeries Talamas hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact him on his mobile telephone, whether by calling, texting or emailing or to any facsimile device.

    As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Synergetic Communication, Inc, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

    Your anticipated cooperation in this matter is appreciated.

                JONES, WOLF & KAPASI, LLC

                */s/ Joseph K. Jones*
                Joseph K. Jones, Esq.
                jkj@legaljones.com

JKJ: dp